UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: INCRETIN MIMETICS PRODUCTS LIABILITY LITIGATION | ) MDL Case No.13md2452 AJB (MDD) ) ) As to all related and member cases ) ) ORDER FOLLOWING SECOND ) STATUS CONFERENCE AND ) STAYING SUBMISSION OF ) PLAINTIFF FACT SHEETS ) ) ) |

On November 21, 2013, the Court held a Status Conference in the above entitled action. Various counsel appeared on behalf of the represented parties, as well as Magistrate Judge Dembin, and Judge Highberger of the Los Angeles County Superior Court, who appeared telephonically.[1]  Prior to the commencement of the Status Conference in open court, the Court met with members of Plaintiffs' Lead and Liaison Counsel, the Defendants' Steering Committee, and the State Court JCCP Liaison Counsel. A discussion of the Court's Order following the First Status Conference, the Joint Proposed Agenda, and the Joint Submission Regarding Science Day ensued. (Doc. Nos. 143, 189, 190.) Following the in-chambers conference, court was convened, on the record, to report the status of the case and the interim plan to move forward. Those matters are as follows:

---

[1] All appearances are reflected in the minutes of the Court. (Doc. No. 198.)

1. The parties are continuing to meet and confer regarding the composition of a Master Consolidated Complaint and a Master Consolidated Answer.  If there is no further impasse between the parties on this issue, Plaintiffs must file the Master Consolidated Complaint no later than **November 29, 2013**, and Defendants must file the Master Consolidated Answer no later than **December 31, 2013**;

2. The parties will submit a Joint Motion for Entry of a Case Management Scheduling Order detailing the utilization of Bellwether trials in this action, and proposed deadlines for filing dispositive motions, *Daubert* motions, and any other related motions.  The Joint Motion must be filed no later than **January 10, 2014.**  To the extent the parties disagree, the Joint Motion must set forth the areas in which the parties agree and the parties' respective disagreements.  The parties will separately file a proposed plan for the utilization of Bellwether trials in this action.  The proposed plan will take into account the state court cases filed in the JCCP and must be submitted no later than **January 10, 2014**;

3. Science Day will be held on **February 5 and 6, 2014.**  The purpose of Science Day is to apprise the Court, in a non-adversarial manner, of the following issues: (a) the nature of Type 2 diabetes; (b) pharmacological issues, i.e. the role of the Incretin-based therapies in treating Type 2 Diabetes; (c) pancreatic cancer and associated mortality and morbidity rates; and (d) data regarding the effects of the Incretin-based therapies on the pancreas. Lead Counsel for Plaintiffs and the Defendants' Steering Committee will be responsible for designating the individuals (non-experts) who will present at Science Day.  Science Day presenters will not be placed under oath, nor will the presenters be subject to cross examination.  None of the testimony presented at Science Day may be used to cross examine or impeach witnesses at trial, and all information presented at Science Day will be deemed

"off the record" for all purposes. Science Day will not be transcribed by a Court Reporter, nor will video cameras be permitted in the courtroom to record the proceedings. The Court declined Defendants' request to submit briefing in advance of Science Day, but invited the parties to submit a joint glossary of relevant terms that may be referred to throughout the proceedings. The joint glossary of terms should be presented to the Court at Science Day, in addition to any copies of exhibits or presentations utilized at Science Day. Finally, the parties have reached an impasse regarding the organization of Science Day, but believe an agreement can be reached. Counsel is instructed to file a Joint Submission regarding the proposed organization of Science Day no later than **January 10, 2014**. To the extent the parties are not ready to proceed with a discussion regarding non-clinical information at Science Day, or believe Science Day will require more than the two days currently calendared, the parties are instructed to include these concerns in their Joint Submission;

4. The following matters are currently pending before Judge Dembin for resolution: (a) general deposition protocols and 30(b)(6) deposition protocols; (b) modification of the Plaintiff Fact Sheet and a proposed Defendant Fact Sheet; (c) protective order dispute; (d) ESI protocol dispute between Plaintiffs and Defendants Eli Lilly and Amylin; and (e) disclosures by Amylin regarding insurance coverage. In light of the dispute regarding the continued use of a previously approved Plaintiff Fact Sheet, the Court stays Plaintiffs' obligation to submit Plaintiff Fact Sheets submitted in conjunction with newly filed complaints. This does not stay Plaintiffs' continuing obligation to respond to Defendants' deficiency notices regarding Plaintiff Fact Sheets previously submitted. The stay will remain in effect until Judge Dembin issues an order resolving the current dispute as to the form of the Plaintiff Fact Sheet, at which time Judge Dembin will set forth a deadline for

   Plaintiffs to submit Plaintiff Fact Sheets for the complaints filed during the pendency of the stay;

5. Judge Highberger provided the status of the cases in the Los Angeles County JCCP. In order to streamline the state and federal pancreatic cancer cases, counsel in the state court cases have met and conferred and agreed to waive the five year rule in the pancreatic cancer cases;

6. There are approximately 15 thyroid cancer cases pending in the Southern District of California that involve only Defendants Eli Lilly and Amylin. The JPML did not authorize joinder of these cases in the instant MDL, and it has come to the Court's attention that some of these cases may have been directly filed in the MDL, or have an MDL caption. As a result, Plaintiffs, Eli Lilly, and Amylin must: (a) identify all thyroid cancer cases currently pending in the Southern District of California; and (b) file a joint motion to coordinate and consolidate these cases pursuant to the low number rule. Any new thyroid cancer cases filed in the Southern District of California may not be directly filed in the MDL and must have independent subject matter jurisdiction. This does not affect the ability of the parties to later agree to file a motion before the JPML to join the thyroid cancer cases in the MDL.

The next Status Conference is scheduled for **January 16, 2014** at 9:00 a.m. in Courtroom 3B. At approximately 9:00 a.m., the Court will meet and confer with members of Plaintiffs' Lead and Liaison Counsel and Defendants' Steering Committee in chambers. This informal meeting will be followed by an on the record session beginning at approximately10:00 a.m. in Courtroom 3B. Judge Highberger is invited to attend both sessions telephonically, and Judge Dembin will be in attendance as well. Any party wishing to appear telephonically at the Status Conference must have a case currently pending in the MDL, and must coordinate with other counsel wishing to appear telephonically. A list of all parties appearing telephonically must be submitted to the Court no

later than 5:00 p.m. on **January 15, 2014.** The Court does not utilize Court Call. The next Status Conference will address the progress of the matters set forth in paragraphs 1 through 6 above. If Counsel wishes to address additional topics at the Status Conference a Joint Agenda must be submitted no later than **January 13, 2014.**

IT IS SO ORDERED.

DATED: November 25, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge